IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Nancy Burbine, | ) | |
|     Plaintiff, | )<br>)<br>) | |
| v. | )<br>) | No.   14 C 8298 |
| Dynamic Recovery Solutions, LLC, a South Carolina limited liability company, International Collection Services, LLC, a South Carolina limited liability company, and AIS Services, LLC, a Delaware limited liability company, | )<br>)<br>)<br>)<br>)<br>)<br>) | |
|     Defendants. | ) | <u>Jury Demanded</u> |

**COMPLAINT**

Plaintiff, Nancy Burbine, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendants' debt collection actions violated the FDCPA, and to recover damages, and alleges:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) many of the acts and transactions occurred here; and, b) Defendants reside and transact business here.

**PARTIES**

3. Plaintiff, Nancy Burbine ("Burbine"), is a citizen of the State of Massachusetts, from whom Defendants attempted to collect a delinquent consumer debt that she allegedly owed for a GE Money/JC Penney credit card. These collection actions took place despite the fact that, pursuant to the FDCPA, she had exercised her

rights to refuse to pay the debt and to be represented by the legal aid attorneys at the Chicago Legal Clinic's Legal Advocates for Seniors and People with Disabilities program ("LASPD"), located in Chicago, Illinois. Moreover, these collection actions took place despite the fact that, pursuant to a prior lawsuit, she no longer owed the debt.

4. Defendant, Dynamic Recovery Solutions, LLC ("Dynamic"), is a South Carolina limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts. Dynamic operates a nationwide delinquent debt collection business, and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois. In fact, Defendant Dynamic was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debt it attempted to collect from Plaintiff.

5. Defendant, International Collection Services, LLC ("ICS"), is a South Carolina limited liability company, that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts. ICS operates a nationwide delinquent debt collection business, and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois. In fact, Defendant ICS was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debt it attempted to collect from Plaintiff.

6. Defendant, AIS Services, LLC ("AIS"), is a Delaware limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or

indirectly, delinquent consumer debts. In fact, Defendant AIS was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debt it attempted to collect from Plaintiff.

7. Defendants ICS and AIS are both debt scavengers that specialize in buying large portfolios of defaulted consumer debts for pennies on the dollar, the full amount of which debts they then try to collect through other debt collectors.

8. Defendants Dynamic, ICS and AIS are each authorized to conduct business in Illinois, and maintain registered agents here, see, records from the Illinois Secretary of State, attached as Group Exhibit A. In fact, Dynamic, ICS and AIS all conduct business in Illinois.

9. Defendants Dynamic and AIS are each licensed as debt collection agencies in the State of Illinois, see, records from the Illinois Division of Professional Regulation, attached as Group Exhibit B. In fact, Dynamic and AIS act as collection agencies in Illinois.

## FACTUAL ALLEGATIONS

10. Ms. Burbine is a senior citizen, with limited assets and income, who fell behind on paying her bills, including a debt she allegedly owed for a GE Money/JC Penney credit card. At some point in time after that debt became delinquent, Defendant AIS bought Ms. Burbine's GE Money/JC Penney debt. When Defendant AIS began trying to collect this debt from her, by having another debt collector, Universal Fidelity, send her an initial collection letter, dated September 9, 2007, she sought the assistance of the legal aid attorneys at the Chicago Legal Clinic's LASPD program, regarding her financial difficulties and Defendants' collection actions. A copy of this September 9,

2007 collection letter is attached as Exhibit C.

10. Accordingly, on November 3, 2007, one of Ms. Burbine's attorneys at LASPD informed Defendant AIS, in writing through Universal Fidelity, that Ms. Burbine was represented by counsel, and directed Defendant AIS to cease contacting her, and to cease all further collection activities because Ms. Burbine was forced, by her financial circumstances, to refuse to pay her unsecured debt. A copy of this letter is attached as Exhibit D.

11. Nonetheless, despite being advised that Ms. Burbine was represented by counsel and refused to pay the debt, Defendant AIS had another debt collector, First National Collection Bureau, send Ms. Burbine a collection letter, dated September 2, 2011, which demanded payment of the GE Money/JC Penney debt. A copy of this collection letter is attached as Exhibit E.

12. Accordingly, on October 30, 2011, Ms. Burbine's attorneys at LASPD had to inform Defendants again that they must cease collections and cease communications. Copies of this letter and fax confirmation are attached as Exhibit F.

13. Because of these illegal collection actions, Ms. Burbine sued AIS and its debt collector in a matter styled, Burbine v. AIS Services, et al., No. 11-cv-8620 (N.D. Ill.) . This lawsuit was settled, and as part of the settlement AIS agreed to retire the JC Penny debt by releasing Ms. Burbine from any liability for that debt and "to not transfer, sell or assign" the debt. A copy of the Settlement Agreement and Release is attached as Exhibit G.

14. Unbelievably, either Defendant AIS hired Defendants Dynamic and ICS to collect the debt, or sold the debt to Defendant ICS, because on June 3, 2014 Defendant

4

Dynamic sent Ms. Burbine a collection letter attempting to collect the alleged JC Penny debt, despite the fact that she no longer owed the debt pursuant to Settlement Agreement and Release dated January 9, 2012.  A copy of this letter is attached as Exhibit H.

15. Moreover, Defendants debt collectors called Ms. Burbine, including, but not limited to, calls on August 3 and 7, 2014, from phone number 855-440-9004. Alarmed by these collection calls, Ms. Burbine made a payment of more than $400 to resolve this bogus debt.

16. Not only is the debt at issue no longer owed due to the prior settlement, it was also time-barred by the relevant statute of limitation for Plaintiff Burbine in the State of Massachusetts -- 6 years for the collection of credit card debts.

17. Defendants' collection actions complained of herein occurred within one year of the date of this Complaint.

18. Defendants' collection communications are to be interpreted under the "unsophisticated consumer" standard.  See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

### COUNT I
### Violation Of § 1692c(c) Of The FDCPA --
### Failure To Cease Communication And Cease Collections

19. Plaintiff adopts and realleges ¶¶ 1-18.

20. Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay.  See, 15 U.S.C. § 1692c(c).

21. Here, the letters from Ms. Burbine's agent, LASPD, as well as the prior lawsuit and Settlement Agreement and Release, told Defendants to cease communications and to cease collections. By continuing to communicate regarding this debt and demanding payment, Defendants violated § 1692c(c) of the FDCPA.

22. Defendants' violations of § 1692c(c) of the FDCPA render them liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## COUNT II
### Violation Of § 1692c(a)(2) Of The FDCPA --
### Communicating With A Consumer Represented By Counsel

23. Plaintiff adopts and realleges ¶¶ 1-18.

24. Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows that the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address. See, 15 U.S.C. § 1692c(a)(2).

25. Defendants knew that Ms. Burbine was represented by counsel in connection with her debt because her attorneys at LASPD had informed Defendants, or their predecessor-in- interest, in writing, that she was represented by counsel, and had directed Defendants to cease directly communicating with Ms. Burbine; moreover, Defendants knew that Ms. Burbine was represented by an attorney as a result of her prior lawsuit and the Settlement Agreement and Release. By directly sending Ms. Burbine the June 3, 2014 letter, and calling her, despite being advised that she was represented by counsel, Defendants violated § 1692c(a)(2) of the FDCPA.

26. Defendants' violations of § 1692c(a)(2) of the FDCPA render them liable

6

Case: 1:14-cv-08298 Document #: 1 Filed: 10/22/14 Page 7 of 9 PageID #:7

for actual and statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C.  § 1692k.

## COUNT III
### Violation Of § 1692e(5) Of The FDCPA –
### Threatening/Taking Actions That Can Not Be Legally Taken

27. Plaintiff adopts and realleges ¶¶ 1-18.

28. Section 1692e(5) of the FDCPA prohibits debt collectors from threatening to take actions that cannot legally be taken in connection with the collection of a debt, see 15 U.S.C. § 1692e(5).

29. Attempts by debt collectors to collect time-barred debts have been widely held to violate § 1692e of the FDCPA.  See, Phillips v. Asset Acceptance, 736 F.3d. 1076, 1079 (7th Cir. 2013); and, McMahon v. LVNV Funding, 2014 U.S. App. LEXIS 4592 (7th Cir. 2014).

30. By demanding payment of a time-barred debt, and a debt that was no longer owed, Defendants took, or threatened to take, an action that they could not legally take and/or otherwise made deceptive or misleading statements, in violation of § 1692e of the FDCPA.

31. Defendants' violations of § 1692e(5) of the FDCPA render them liable for actual and statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. § 1692k.

## COUNT IV
### Violation Of § 1692f Of The FDCPA --
### Unfair Or Unconscionable Collection Actions

32. Plaintiff adopts and realleges ¶¶ 1-18.

33. Section 1692f of the FDCPA prohibits a debt collector from using any

7

unfair or unconscionable means to collect or attempt to collect a debt, see, 15 U.S.C. § 1692f.

34. Defendants, by selling, transferring or buying the debt at issue, as well as by sending a collection letter and calling Ms. Burbine to collect on a debt which is both time-barred and was released via a Settlement Agreement and Release, used unfair or unconscionable means to collect a debt, in violation of § 1692f of the FDCPA.

35. Defendants' violations of § 1692f of the FDCPA render them liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## COUNT V
### Violation Of § 1692d Of The FDCPA -- Harassment Or Abuse

36. Plaintiff adopts and realleges ¶¶ 1-18.

37. Section 1692d of the FDCPA prohibits a debt collector from engaging in any conduct, the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of a debt, see, 15 U.S.C. § 1692d.

38. Defendants, by sending a collection letter to Ms. Burbine to collect on a debt which is both time-barred and was released via a Settlement Agreement and Release, engaged in conduct, the natural consequence of which is to harass, oppress or abuse her, in violation of § 1692d of the FDCPA.

39. Defendants' violations of § 1692d of the FDCPA render them liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

8

## PRAYER FOR RELIEF

Plaintiff, Nancy Burbine, prays that this Court:

1. Find that Defendants' debt collection actions violated the FDCPA;

2. Enter judgment in favor of Plaintiff Burbine, and against Defendants, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Nancy Burbine, demands trial by jury.

Nancy Burbine,

By: /s/ David J. Philipps\_\_\_
One of Plaintiff's Attorneys

Dated: October 22, 2014

David J. Philipps     (Ill. Bar No. 06196285)
Mary E. Philipps     (Ill. Bar No. 06197113)
Angie K. Robertson (Ill. Bar No. 06302858)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com
angiekrobertson@aol.com